UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: ANTONIO RODRIGUEZ,

        Debtor.
_____/

STUART GOLD, TRUSTEE FOR THE
ESTATE OF JOSE ANTONIO RODRIGUEZ,

        Appellant,                  Bkrptcy No. 04-47510-PJS
                                                Adversary No. 05-5149-PJS
                                                 HON. PHILLIP J. SHEFFERLY
vs.                                                      Case No. 05-CV-74737
                                                     HON. GEORGE CARAM STEEH

FEDEX FREIGHT EAST, INC.,

        Appellee.

_____/

ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION (#13)

        Appellant Antonio Rodriguez moves for reconsideration of this court's May 30, 2006 Order affirming the Bankruptcy Court's December 1, 2005 Opinion granting appellee Fedex Freight East, Inc's motion for summary judgment as to Rodriguez's claims of race discrimination and retaliation in violation of Michigan's Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 et seq.. Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3).

Appellant has failed to demonstrate a palpable error. The court did not err in ruling that appellant failed to proffer direct evidence of racial discrimination, being evidence that, "if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." Hazel v. Ford Motor Co., 464 Mich. 456, 463, 628 N.W.2d 515 (2001). Neither has appellant demonstrated a palpable error in concluding that appellant never applied for a supervisory position with a decision-maker, and thus, never formally applied for the job. Contrary to appellant's argument, McKibbon did not attest that he had the authority to promote appellant. Appellant is directed to McEwen v. MGM Grand Detroit, No. 03-73039, 2006 WL 83476, at *10 (E.D. Mich. Jan. 10, 2006), International Brotherhood of Teamsters v. United States, 431 U.S. 324 (1977), and Mitchell v. Mid-Continent Spring Co. of Kentucky, 583 F.2d 275, 283 (6th Cir. 1978) in his efforts to find authority for the proposition that, in admittedly failing to formally apply for a supervisory position because such would have been, in appellant's words, "futile," appellant was required to show that he would have applied for a supervisory position but for the alleged unlawful discriminatory practice, and that his application would have been rejected for unlawful discriminatory reasons. The court did not misconstrue the proffered affidavits, nor improperly weigh evidence.

Appellant's motion for reconsideration is hereby DENIED in the absence of palpable error.

SO ORDERED.

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

Dated: June 14, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 14, 2006, by electronic and/or ordinary mail.

                                            s/Josephine Chaffee
                                            Secretary/Deputy Clerk